SHAW (UNION INS. CO. v.). See Case No. 14,366.

SHAW (UNITED STATES v.). See Cases Nos. 16,266 and 16,267.

## Case No. 12,727.

### SHAW & WILCOX CO. v. LOVEJOY.

[7 Blatchf. 232.] [1]

Circuit Court, S. D. New York. May 5, 1870.

PATENTS—APPARATUS FOR RECOVERING GOLD—CLAIM.

1. The claim of the letters patent reissued to the Shaw & Wilcox Company, of Bridgeport, Connecticut, June 15, 1869, for an "improved apparatus for recovering gold and silver from waste solutions," namely: "An apparatus for recovering gold, silver, &c., from waste solutions, by means of suitable precipitating ingredients, substantially as herein specified," is not a valid claim.

2. It is, in effect, a claim to the use of the proper chemicals to precipitate the metal from the liquid waste solution, by putting such chemicals into any proper vessel containing the solution.

[This was a bill in equity by the Shaw & Wilcox Company of Bridgeport, Connecticut, against George W. Lovejoy, to enjoin the infringement of reissued letters patent No. 1,651, granted to J. Shaw April 5, 1864, the original letters patent, No. 35,842, having been granted July 8, 1862.]

Thomas M. Wyatt, for plaintiffs.

Ezekiel Y. Bell, for defendant.

BLATCHFORD, District Judge. This is a suit in equity, founded on reissued letters patent granted to the plaintiffs, June 15, 1869, for an "improved apparatus for recovering gold and silver from waste solutions." The original patent was granted to Jehyleman Shaw, as inventor, July 8, 1862, and was reissued to him April 5, 1864, and the plaintiffs, as his assignees, obtained the reissue of 1869.

The specification says: "The object of this invention is to provide means for recovering from the waste metallic solutions used by photographers and others, the gold, silver or other valuable metal contained therein, after the solution has been used and spent. The invention consists in providing a vessel, into which the discharged waste can be poured or conducted, and in which chemicals are placed to precipitate the gold, silver, or other metal in the waste, so that the latter will be separated from the metal.

"A, in the drawing, represents a vessel made of metal, or other suitable material, of

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[Drawing of reissued patent No. 1,651, granted April 5, 1864, to J. Shaw, published from the records of the United States patent office.]

suitable form and size. In it may be suspended a bag, C, which contains protosulphate of iron or other ingredients, for precipitating the gold, silver, &c., contained in the solution. Such ingredients may, however, be placed in a loose state in the vessel, A, and will have the same effect, or, in their place, sheet zinc or copper, or other material, may be used. The operation will be simple. The waste solution is conducted or poured into the vessel, A, and is therein separated from its metallic ingredients. When the same have settled, the liquid can be drawn off through a suitable pipe, E, arranged on any suitable part of the vessel, A; or it may be allowed to flow over the top edge of the vessel. On the pipe, E, may be arranged a box, D, containing a sponge, or suitable filtering device, for arresting any particles of metal that may have been carried along in the liquid: but such filtering apparatus can be dispensed with for the majority of solutions. A vertical partition, B, may be arranged in the vessel, A, to cause a double passage of the liquid, and to prevent a current from being formed while it passes off through the pipe, E, or its equivalent. The partition may, however, also be dispensed with. The same apparatus may be used for recovering gold, silver, and other metals from the washings of photographs, and for other equivalent purposes." The claim is as follows: "An apparatus for recovering gold, silver, &c., from waste solutions, by means of suitable precipitating ingredients, substantially as herein specified."

It is impossible to sustain this patent as a valid patent, on the claim it makes, whether such claim be regarded as a claim to a process or a claim to an apparatus. Whether it

claims the recovering of gold, silver, &c., from waste solutions, by means of suitable precipitating ingredients, used in a proper apparatus, substantially as specified, or whether it claims a proper apparatus for recovering gold, silver, &c.. from waste solutions, by means of suitable precipitating ingredients, substantially as specified, it is equally open to objection. The specification states, that the object of the invention is to provide means for recovering from waste metallic solutions the valuable metal contained therein, after the solution has been used and spent. The result, that is, the recovering of such valuable metal, cannot be claimed. The means alone can be claimed. In the means, or the providing of the means, or the use of the means, to effect such result, the invention consists. Those means are stated by the specification to be, a vessel, to hold the waste solution, in which vessel chemicals may be placed, to precipitate the valuable metal and separate it from the waste. The specification states, that the vessel may be of any suitable material and of any suitable form and size; that in it may be suspended a bag containing any ingredient that will precipitate the metal, or such ingredient may be placed in the vessel in a loose state; that, after the precipitation takes place. the liquid may be drawn off through a suitable pipe arranged on any suitable part of the vessel, or it may be allowed to fill the vessel and run away over the top; that a filtering device may be used with the pipe, but can be dispensed with for the majority of solutions; and that the vessel may have a partition in it or may not. The sum and substance of all this is, that the result is the thing claimed to be patented. The apparatus is nothing but a vessel to hold the liquid, and the process consists only in putting into the liquid in the vessel the proper chemicals to effect the precipitation of the valuable metal. That a suitable vessel of a suitable form and size must be used to contain a liquid, if the liquid is to be utilized, is no new idea. To discover that a suitable precipitating ingredient will precipitate what it is capable of precipitating. is no invention. The claim is altogether vague and general. It is open to the objections stated in the case of O'Reilly v. Morse, 15 How. [56 U. S.] 62, 119, against the eighth claim of Morse's telegraph patent. It is, in effect, a claim to the use of the proper chemicals to precipitate the metal from the liquid waste solution, by putting such chemicals into any proper vessel containing the solution. The claim, in its present shape, cannot be sustained, and the bill must, therefore, be dismissed, with costs.